IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BENJAMIN EUGENE ISAAC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:14-CV-278 (MTT) |
| MARCIA L. McCLESKEY, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiff Benjamin Eugene Isaac has moved to appoint counsel, to amend his complaint, and to continue the bench trial scheduled for April 19, 2016.  (Docs. 21, 22, 26).

This is Isaac's second motion to appoint counsel.  (Doc. 21).  His first motion was denied by Judge Weigle, who noted that the applicable legal doctrines were readily apparent.  (Docs. 13, 15).  Judge Weigle also stated that if it became apparent that legal assistance would be required, the Court would consider assisting Isaac in securing counsel on its own motion, so there would be no need for Isaac to file additional requests for counsel.  (Doc. 15 at 1).  Nonetheless, Isaac has filed a second motion, in which he notes that he has obtained an audio recording of the court proceedings at issue during discovery and requests the appointment of counsel to assist him in transcribing that recording.  (Doc. 21 at 1-2).  This motion is **DENIED**.  Instead, McCleskey is **ORDERED** to file a copy of the transcript, and Isaac is **ORDERED** to file a list of claimed inaccuracies in the transcript.

Isaac has also moved to amend the relief sought in his complaint. (Doc. 22). Isaac originally sought "nominal and punitive damage(s) in the amount[] of $20,000.00; an injunction and a declaratory judgment." (Doc. 1 at 6). He moves to amend the relief sought to be "compensator damages in the sum of $20,000; … litigation costs, fees; and any and all other fees, costs associated to this lawsuit." (Doc. 22 at 1). Leave to amend should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). None of these factors are present. The motion is **GRANTED**.

Finally, Isaac moved to continue the bench trial because he believes that his personal property may be "permanently misplaced" when it is taken and inventoried during his absence from prison for the trial. (Doc. 25). McCleskey opposes this motion because it may remain inconvenient for Isaac to leave his belongings behind for the duration of his incarceration, which could last until May 17, 2027. (Doc. 27). The Court finds that Isaac has not presented good cause to continue the trial. The motion is **DENIED**.

**SO ORDERED,** this 31st day of March, 2016.

                                         S/ Marc T. Treadwell
                                         MARC T. TREADWELL, JUDGE
                                         UNITED STATES DISTRICT COURT